```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

BRAD GROWE,                           :
                                      :
    Plaintiff,                       :
                                      :
vs.                                   :   CIVIL ACTION 08-554-CG-M
                                      :
WEYERHAEUSER COMPANY, INC.,           :
                                      :
    Defendant.                       :

<u>REPORT AND RECOMMENDATION</u>

    The Motion to Remand filed by Plaintiff (Docs. 9-10) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Diversity jurisdiction has been invoked in this Court, pursuant to 28 U.S.C. § 1332.  After consideration, it is recommended that Plaintiff's motion be granted and that this action be remanded to the Mobile County Circuit Court for all further proceedings.

    The facts, very briefly, are as follows.  On November 30, 2007, Plaintiff Brad Growe, employed by Kone Cranes, was working as a truck driver by unloading materials at a facility owned by Defendant Weyerhaeuser Company, Inc., in Pine Hill, Alabama (Doc. 1, Complaint, ¶¶ 1-3).  During the course of performing his duties, Growe was injured, having to spend five days in the hospital (Complaint, ¶¶ 4-7).  Plaintiff is suffering from a ruptured disk at C4-5 and a bulging disk at C5-6, is experiencing severe pain, and has been told by his physician that surgery is

required to correct his injury (Complaint, ¶ 8).  Growe brought this action in the Mobile County Circuit Court against Defendant, raising claims of negligence and wantonness; Plaintiff is seeking compensatory and punitive damages (Complaint).

Weyerhaeuser removed the action to this Court, asserting that this Court had diversity jurisdiction over this matter (Doc. 1).  Plaintiff filed a Motion to Remand (Docs. 9-10) to which Defendant has Responded (Doc. 14).

In its removal petition, Defendant alleges that this Court has diversity jurisdiction under 28 U.S.C. § 1332 and that this action is removable pursuant to 28 U.S.C. § 1446(a) (Doc. 1).  In a removal action, the party asserting jurisdiction has the burden of establishing proof of jurisdiction by a preponderance of the evidence.  *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178 (1936); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007), *cert. denied sub nom Hanna Steel Corp. v. Lowery*, 128 S.Ct. 2877 (2008).  In a removal action, that burden is upon the defendant.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921).  Removal is a statutory remedy which must be narrowly construed so as to limit federal jurisdiction.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D. Ala. 1986).

The Court notes that any civil action over which the district court would have original jurisdiction may be removed by the defendant to the district court for the district in which the

action is pending.  28 U.S.C. § 1441(a).  The district court has jurisdiction over actions between citizens of different states so long as all plaintiffs are diverse from all defendants, *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(b).

There is no dispute that the parties are diverse; Plaintiff admits as much (Doc. 10, p. 2) ("In this case there is no dispute that the parties are diverse").  What is disputed is whether the matter in controversy exceeds $75,000.  Growe argues that this jurisdictional requirement has not been proven by Defendant (Doc. 10).

In removing this action, Weyerhaeuser admits that "the precise nature of the alleged damage to the shoulder is not stated" (Doc. 1, ¶ 4).  The Court, too, notes that the Complaint is silent as to a precise amount sought for damages (Complaint).  In the Removal Petition, Defendant points to other cases with similar injuries and claims to satisfy its burden of demonstrating the jurisdictional amount (Doc. 1, ¶¶ 4-5).

The Court notes that the Eleventh Circuit Court of Appeals, in *Lowery*, held that a party cannot determine the jurisdictional value of a case by gathering evidence from outside sources. *Lowery*, 483 F.3d at 1221.  More specifically, the Court stated as follows:

> Defendants must establish the jurisdictional
> amount by a preponderance of the evidence.

3

> We note, however, that in situations like the present one-where damages are unspecified and only the bare pleadings are available-we are at a loss as to how to apply the preponderance burden meaningfully. We have no evidence before us by which to make any informed assessment of the amount in controversy. All we have are the representations relating to jurisdiction in the notice of removal and the allegations of the plaintiffs' [] complaint. As such, any attempt to engage in a preponderance of the evidence assessment at this juncture would necessarily amount to unabashed guesswork, and such speculation is frowned upon. *See Lindsey v. Ala. Tel. Co.*, 576 F.2d 593, 595 (5th Cir.1978) (noting, in a removed class action, that "it was not open for defendants to attempt to show" the requisite amount in controversy per capita where the complaint made insufficient allegations, "[n]or was it open to the district court to speculate" on whether the jurisdictional facts existed).
> 	[W]e conclude that the removal-remand scheme set forth in 28 U.S.C. §§ 1446(b) and 1447© requires that a court review the propriety of removal on the basis of the removing documents. If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate.

*Lowery*, 483 F.3d at 1211-12.

Noting that this Court has relied on *Lowery* "in a number of recent opinions," Weyerhaeuser has raised two different arguments as to why this action should not be remanded (Doc. 14, p. 2). The first is a discussion of Rule 11 while the second questions what *Lowery* really means.

First, Defendant has noted that *Lowery* discussed the importance of Fed.R.Civ.P. 11 in that it requires attorneys to be honest in their pleadings with the Court (Doc. 14, pp. 2-5). Pursuant to Rule 11, Weyerhaeuser argues that the Court should require Plaintiff, or his Attorney, to "affirmatively declare the amount" that is in controversy as they have argued that Defendant has failed to prove the jurisdictional amount (Doc. 14, p. 5). In other words, if the Court understands correctly, Defendant would have Plaintiff "make good on Rule 11" by signing an affidavit that he will not seek more than $75,000 in order to effectuate a remand to the State Court.

While such an affidavit would make ruling on this motion an easier task, the Court is unwilling to require Plaintiff, or Plaintiff's attorney, to complete one.  The Court is aware that such affidavits have been proffered by plaintiffs in prior actions before this Court, but, at least in the two examples cited by Weyerhaeuser, the plaintiff was not compelled by the Court to issue such document.  *See Rodgers, et al. v. Lee, et al*, civil action 07-0649-WS-C (S.D. Ala. October 18, 2007) (Doc. 10, Exhibit H); *see also Foster v. River Birch Homes, Inc.*, civil action 07-0117-BH-C (S.D. Ala. March 19, 2007) (Doc. 12, Exhibit 1).  Nevertheless, if Growe chooses to file such an affidavit, the Court will consider it.

In the second, related, argument, Weyerhaeuser invites the Court to "enter an order permitting post-removal discovery [] but

5

then permit [P]laintiff an interlocutory appeal of that ruling" (Doc. 14, pp. 5-6).  As the *Lowery* Court declined to allow discovery for the purpose of determining if jurisdiction exists, this Court will decline as well.  *See Lowery*, 483 F.2d at 1217-18 ("The defendants' request for discovery is tantamount to an admission that the defendants do not have a factual basis for believing that jurisdiction exists.  The natural consequence of such an admission is remand to state court").

The Court has considered the arguments made by Defendant and finds them unconvincing.  The Court further finds that Weyerhaeuser has failed to demonstrate that the requisites for diversity jurisdiction have been met.  More specifically, Defendant has not demonstrated that the amount in controversy is $75,000.

Therefore, after consideration of all relevant pleadings of record, it is recommended that Plaintiff's Motion to Remand (Docs. 9-10) be granted and that this action be remanded to the Mobile County Circuit Court for all further proceedings.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)©; *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th

Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

     A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

     DONE this 11th day of February, 2009.

                              <u>s/BERT W. MILLING, JR.    </u>
                              UNITED STATES MAGISTRATE JUDGE